# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW H. BECKETT,<br><br>        Plaintiff,<br><br>   v.<br><br>E. MORENO, et al.,<br><br>        Defendants. | Case No. 1:20-cv-1427-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS<br><br>(ECF No. 12)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Matthew Beckett ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint, filed on September 14, 2020, was screened, and Plaintiff was granted leave to amend. Plaintiff's first amended complaint, filed on November 6, 2020, is currently before the Court for screening. (ECF No. 12.)

    **I.**    **Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

1

relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at California State Prison in Sacramento, California.  The events in the complaint allegedly arose at California State Prison in Corcoran, California.  Plaintiff names the following defendants: (1) E. Moreno, Correctional Officer; and (2) Sedillo, Correctional Officer.

In claim I, Plaintiff alleges a violation of his Eighth Amendment right against cruel and unusual punishment.  On October 21, 2018, Plaintiff was removed from a mental health crisis bed.  He was searched and put into mechanical restraints by Defendant Sedillo accompanied by Defendant Moreno.  Upon exiting the cell, Plaintiff became resistive.  Using a judo type throw, using body weight, his hip and right leg in a "sweeping motion," an officer threw Plaintiff into a portable desk at which time Plaintiff's right temple hit the foot of the desk knocking Plaintiff unconscious.  When Plaintiff came to, Defendant Sedillo was holding Plaintiff's face, right side down on the floor.  Defendant Sedillo was using his left arm/hand gipping the crown of Plaintiff head and striking Plaintiff with Sedillo's right hand which had on mechanized gloves.  The force

caused laceration to Plaintiff's left eyebrow area. While being punched, Plaintiff asked him to stop. Plaintiff was struck three times, and Defendant Moreno was using his baton to strike Plaintiff on his calf and rear hamstring hard enough to break the skin and cause bruising. Plaintiff was taken to triage where he was diagnosed with a concussion and that his eyebrow may need stiches. He was taken to the hospital and treated.

In claim II, Plaintiff alleges retaliation in that Defendant Moreno was "gassed" with water by Plaintiff on October 3, 2018. Defendant Moreno yelled, "I'm going to get you." This was a precursor to claim 1 and shows malice.

For relief, Plaintiff seeks compensatory and punitive damages and injunctive relief.

**III.    Discussion**

**A. Eighth Amendment – Excessive Force**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v McMillian, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury . . . [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Id. (quoting Whitley v. Albers, 475 U.S. 1078, 1085 (1986)).

Incident of October 21, 2018

Plaintiff alleges that when he was taken out of the cell, he became resistive to the escort. To counter Plaintiff's resistance, one of the officers used a judo type motion and sweeping motion with his hip and leg to counter the resistance, resulting in Plaintiff hitting the desk which should

not have been in that location.  This force is not an unreasonable effort to temper Plaintiff's resistance and there is no allegation that the officer intended for Plaintiff to hit his head, in light of the allegation that the desk should not have been in that location.  Further, Plaintiff fails to identify which officer used a judo type throw, using body weight, his hip and right leg in a "sweeping motion" to throw Plaintiff.

However, once Plaintiff lost consciousness, Plaintiff alleges the force by the officers continued.  When Plaintiff awoke, Defendant Sedillo was wearing mechanized gloves, and was holding the crown of Plaintiff's head with his left hand and punching Plaintiff with his right hand while Defendant Moreno was hitting Plaintiff in Plaintiff's leg with his baton, breaking the skin and causing bruising. Liberally construing the complaint, Plaintiff states a cognizable claim for excessive force for the incident on October 21, 2018 against Defendants Sedillo and Moreno for the force used after the time Plaintiff lost consciousness.

### B. Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). To state a cognizable retaliation claim, Plaintiff must establish a nexus between the retaliatory act and the protected activity. Grenning v. Klemme, 34 F.Supp.3d 1144, 1153 (E.D. Wash. 2014).

The allegations in the complaint of the incident on October 3, 2018 that Defendant Moreno said he would get Plaintiff back is insufficient to support a claim for retaliation.  Plaintiff fails to set forth any factual allegations to support a claim of retaliation because of protected conduct of which Defendants had knowledge.  Despite being provided relevant pleading and legal standards, Plaintiff has been unable to cure this deficiency.

### C. Verbal Abuse

Plaintiff may be complaining of verbal abuse or harassment.  "[V]erbal harassment or abuse ... [alone] is insufficient to state a constitutional deprivation under 42 U.S.C. 1983." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (citation and internal quotation omitted). Verbal harassment intended to humiliate or endanger the inmate, however, may violate the Constitution. See Somers v. Thurman, 109 F.3d 614, 622 (9th Cir. 1997); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998).  Plaintiff fails to state a cognizable claim.

### D. Inmate Appeal Process

To the extent Plaintiff is complaining about the appeals process, he fails to state a claim.

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Plaintiff does not have a protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

### H. Injunctive Relief

Insofar as Plaintiff seeks injunctive relief against Defendants, any such request is now moot because Plaintiff is no longer housed at Corcoran. See Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (prisoner's claims for injunctive relief generally become moot upon transfer) (citing Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has demonstrated no reasonable expectation of returning to [the prison]")).

## IV. Conclusion and Recommendation

Based on the above, the Court finds that Plaintiff's complaint states a cognizable claim for excessive force in violation of the Eighth Amendment for the incident on October 21, 2018 against Defendants Sedillo and Moreno for force used after the time Plaintiff lost consciousness.

However, Plaintiff's complaint fails to state any other cognizable claims for relief.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's claim for excessive force in violation of the Eighth Amendment for the incident on October 21, 2018 against Defendants Sedillo and Moreno for force used after the time Plaintiff lost consciousness;
2. All other claims be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

***

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 12, 2020**          /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE