# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW BECKETT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MORENO, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:20-cv-01427-NONE-BAM (PC)<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTIONS TO MODIFY DISCOVERY AND SCHEDULING ORDER<br><br>(ECF Nos. 28, 38) |

Plaintiff Matthew Beckett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Sedillo and Moreno for excessive force in violation of the Eighth Amendment for the incident on October 21, 2018, for force used after the time Plaintiff lost consciousness.

On April 29, 2021, the Court issued a Discovery and Scheduling Order setting the deadline for completion of all discovery for December 29, 2021 and the deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) for March 10, 2022.  (ECF No. 25.)

Currently pending before the Court are Defendants' motion for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies, (ECF No. 27), Defendants' motion to stay the discovery and scheduling order, (ECF No. 28), and Plaintiff's motion seeking

leave to file a second amended complaint and lodged second amended complaint, (ECF Nos. 30, 31).

On December 17, 2021, Defendants also filed a motion to modify the discovery and scheduling order requesting that the Court vacate the discovery and dispositive motion deadlines or to extend the dates by six months each.  (ECF No. 38.)  Plaintiff has not yet filed a response, but the Court finds a response unnecessary and the motion is deemed submitted.  Local Rule 230(l).

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.*  If the party was not diligent, the inquiry should end. *Id.*

Defendants state that good cause exists to grant the motion because Defendants diligently pursued this matter by preparing and filing a timely exhaustion-based motion for summary judgment, which they argue will likely resolve this case in its entirety.  (ECF No. 38.)  While the motion for summary judgment is pending, the discovery and dispositive deadlines are approaching and good cause exists to either vacate them pending resolution of the various m options, or to extend the deadlines to allow the Court time to rule on Plaintiff's motion to amend, and then Defendants' motions, if applicable.  Defendants contend that if the Court does not modify the deadlines, both parties will be prejudiced in their ability to conduct discovery and file merits-based dispositive motions, as the scope of Plaintiff's claims are uncertain.  (*Id.*)

Having considered Defendants' moving papers, the Court finds good cause to modify the Discovery and Scheduling Order.  The Court finds it would be an efficient use of the resources of the Court and the parties to resolve the scope of Plaintiff's claims, and if necessary, address any exhaustion issues, prior to reaching the merits of this action.  Finally, the Court finds that the relief granted here will not result in prejudice to Plaintiff.

///

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to stay discovery, (ECF No. 28), and motion to modify the scheduling order, (ECF No. 38), are GRANTED IN PART;
2. The discovery and dispositive motion deadlines are VACATED; and
3. As necessary and appropriate, the Court will reset the deadlines following resolution of the pending motions.

IT IS SO ORDERED.

Dated: **December 20, 2021**              /s/ Barbara A. McAuliffe
                                          UNITED STATES MAGISTRATE JUDGE