# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW H. BECKETT,<br><br>    Plaintiff,<br><br>    v.<br><br>MORENO, *et al.*,<br><br>    Defendants. | Case No.  1:20-cv-01427-BAM (PC)<br><br>ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 37, 46) |

Plaintiff Matthew H. Beckett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Sedillo and Moreno for excessive force in violation of the Eighth Amendment for the incident on October 21, 2018, for force used after the time Plaintiff lost consciousness.  All parties have consented to Magistrate Judge jurisdiction. (ECF No. 45.)

Currently before the Court are Plaintiff's motions for appointment of counsel, filed November 10, 2021 and January 9, 2023.  (ECF Nos, 37, 46.)  Plaintiff states that he is in a highly disadvantaged position due to his diagnoses of Bi-Polar Disorder Type 1, ADHD or ADD, and Dyslexia.  Plaintiff states that due to his mental health diagnoses and learning disabilities, he experiences wild thoughts, inability to focus, extreme mood swings, forgetfulness, and confusion. Plaintiff also states that the last year of school completed was the ninth grade, and he is currently trying to obtain a GED.  Plaintiff also contends that he is not being given enough time to access necessary resources in the law library.  (*Id.*)

Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to

represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed almost daily by prisoners suffering from serious physical and mental health conditions who also must litigate their cases with limited access to the law library and without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Although the Court has found that Plaintiff's complaint states cognizable claims, this does not mean that Plaintiff will succeed on the merits.  Furthermore, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, Plaintiff's motions to appoint counsel, (ECF Nos. 37, 46), are HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: __**January 13, 2023**__         /s/ *Barbara A. McAuliffe*
                                                 UNITED STATES MAGISTRATE JUDGE