# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW H. BECKETT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MORENO, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:20-cv-01427-BAM (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION SEEKING LEAVE TO FILE SECOND AMENDED COMPLAINT**<br>(ECF No. 31)<br><br>**ORDER STRIKING LODGED SECOND AMENDED COMPLAINTS**<br>(ECF Nos. 26, 30)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRODUCTION OF EVIDENCE**<br>(ECF No. 48)<br><br>**ORDER DIRECTING PLAINTIFF TO FILE OPPOSITION OR STATEMENT OF NON-OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Matthew H. Beckett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Sedillo and Moreno for excessive force in violation of the Eighth Amendment for the incident on October 21, 2018, for force used after the time Plaintiff lost consciousness. All parties have consented to Magistrate Judge jurisdiction. (ECF No. 45.)

**I.　Procedural Background**

On July 15, 2021, Plaintiff submitted a proposed second amended complaint that was not accompanied by a motion seeking leave to amend. (ECF No. 26.) On July 16, 2021, Defendants

filed a motion for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies.  (ECF No. 27.)  The Court ordered Plaintiff to file a motion seeking leave to file an amended complaint within thirty days and stayed the deadline for Plaintiff to respond to Defendants' motion for summary judgment pending resolution of the motion to amend.  (ECF No. 29.)  Plaintiff filed a motion to amend and lodged another second amended complaint on August 9, 2021.  (ECF Nos. 30, 31.)

During the pendency of the motion to amend, Plaintiff also filed a motion for production of evidence.  (ECF No. 48.)  Defendants filed an opposition, (ECF No. 51), and Plaintiff filed several responses, (ECF Nos. 54, 55).

Plaintiff's motion to amend and motion for production of evidence are therefore deemed submitted.[1]  Local Rule 230(l).  Plaintiff's motions are denied, as discussed below.

## II.     Motion to Amend

In his motion to amend, Plaintiff requests leave to file a second amended complaint ("SAC") to better and more completely present in full the entirety of the essence of his complaint(s).  (ECF No. 31.)  Plaintiff states that the first amended complaint ("FAC") lacks vital factors that were covered in the initial complaint and are essential in seeking justice.  (*Id.*)

In opposition, Defendants contend that they do not consent to further amendment, amendment at this stage of the case unfairly prejudices Defendants in light of the pending motion for summary judgment, amendment is futile because any new claims regarding the appeals process are either meritless or should be raised in Plaintiff's opposition to the summary judgment motion, and amendment would unduly delay the proceedings.  (ECF No. 32.)

In reply, Plaintiff states that when filing the FAC, he mistakenly thought the original complaint and FAC claims would be compacted, and when he saw that the amending process does not work this way he immediately attempted to fix this by sending his July 15, 2021 SAC.  (ECF No. 35.)  Plaintiff argues that Defendants have not shown how they will be prejudiced by the SAC, and the SAC is necessary to give the complete view of the habits and techniques that

---

[1] These motions were dropped inadvertently by the Court's CM/ECF reporting/calendaring system resulting in the prolonged delay in resolution.

1  CSP-Corcoran officials incorporated, allowed, and ushered in a widely known and accepted
2  pattern of retaliation and a willingness to go to great lengths to cover up such actions. (*Id.*)

3  **A.  Legal Standard**

4  Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's
5  pleading once as a matter of course at any time before a responsive pleading is served.
6  Otherwise, a party may amend only by leave of the court or by written consent of the adverse
7  party. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend shall be freely given
8  when justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951
9  (9th Cir. 2006) (citation and quotation omitted).

10  However, courts "need not grant leave to amend where the amendment: (1) prejudices the
11  opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is
12  futile." *Id.* These factors do not carry equal weight. Prejudice is the most important factor to
13  consider. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

14  **B.  Discussion**

15  Plaintiff's motion to amend is denied. Having reviewed the allegations in the August 9,
16  2021 proposed SAC, the Court finds that Plaintiff is attempting to add new and unrelated claims
17  and defendants to the excessive force claims proceeding against Defendants Moreno and Sedillo.
18  To the extent Plaintiff attempts to include arguments regarding his inability to fully exhaust his
19  administrative grievances with respect to his claims against Defendants Moreno and Sedillo,
20  those arguments are more appropriately raised in any opposition to the pending motion for
21  summary judgment. If Plaintiff would like to raise claims against other defendants not named in
22  this lawsuit, those claims are not properly joined to his excessive force claims against Defendants
23  Moreno and Sedillo and cannot be litigated in this action.

24  To the extent Plaintiff attempts to raise additional claims against Defendant Moreno, the
25  Court finds that amendment would be futile because those allegations do not state cognizable
26  claims for relief. Specifically, in Claim II Plaintiff alleges that Defendant Moreno and other
27  officers were planning to "make [Plaintiff's] neighbor pay for his actions" by way of cell
28  extraction, and when Plaintiff told the officers he was taking notes, Officers Moreno and Bonilla

1  responded "both of you mother fuckers are going to get it." (ECF No. 30, p. 7.) However, verbal

2  threats alone fail to state a constitutional claim. *Gaut v. Sunn,* 810 F.2d 923, 925 (9th Cir. 1987)

3  (holding that prisoner's allegations of threats allegedly made by guards failed to state a cause of

4  action). Plaintiff also may not assert claims on behalf of other inmates. *Russell v. United States*,

5  308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to

6  represent anyone other than himself" in a civil rights action.")

7  Plaintiff further alleges in Claim III that on October 3, 2018, after Plaintiff threw water on

8  Officers Moreno and Diaz, Moreno yelled "I'm going to get you for that you little bitch," and the

9  next time Plaintiff saw him, Moreno carried through with that threat, resulting in retaliatory cell

10 searches and then the excessive force claims at issue in this suit. (*Id.* at 8–9.) Although Plaintiff

11 is attempting to state a claim for retaliation, Plaintiff has not demonstrated that throwing water at

12 correctional officers is protected conduct under the First Amendment. *See Rhodes v. Robinson*,

13 408 F.3d 559, 567–68 (9th Cir. 2005).

14 The Court finds that the potential for prejudice to Defendants and further delay of this

15 action warrants denial of Plaintiff's motion. Although Plaintiff states that he believed the

16 allegations in the FAC would be combined with the allegations in his original complaint, Plaintiff

17 was advised in the Court's October 14, 2020 screening order that "an amended complaint

18 supersedes the original complaint" and "Plaintiff's amended complaint must be 'complete in itself

19 without reference to the prior or superseded pleading.'" (ECF No. 10, p. 8.) Thus, Plaintiff had

20 adequate warning that the FAC would replace the original complaint. Further, after review of the

21 FAC and the original complaint, the Court finds unpersuasive Plaintiff's argument that the

22 proposed SAC merely includes allegations that were already in the original complaint and

23 inadvertently omitted from the FAC. Plaintiff is attempting to include additional claims and

24 defendants that were never part of this case, and to require Defendants to expend further

25 resources to re-file their motion for summary judgment to include these additional allegations and

26 defendants would be prejudicial.

27 ///

28 ///

**III.     Plaintiff's Motion for Production of Evidence**

In his motion for production of evidence, Plaintiff argues that after he was transferred from CSP-Sacramento to Atascadero State Hospital, his physical property remained at CSP-Sacramento, including documents relevant to this case. (ECF No. 48.)  Plaintiff has written to the Warden multiple times to request his property.  Plaintiff also attempted to send interrogatories to inmate Julian Alexander through the Litigation Coordinator at CSP-Sacramento, but did not receive a response.  Plaintiff therefore requests a court order for the production of his property and for the interrogatory questions to be served on inmate Alexander and then returned to Plaintiff.  Also attached to the motion are various exhibits, including the referenced interrogatories, Plaintiff's CDCR inmate trust account statement, a request for production of documents, copies of letters to the Warden regarding the return of Plaintiff's property, a request for settlement, and other materials not referenced in Plaintiff's motion.  (*Id.*)

Following an extension of time, Defendants opposed the motion, arguing that any discovery requests are premature because they were never served on Defendants and discovery is stayed pending a ruling on Plaintiff's motion to amend, any discovery sent to inmate Alexander is not within Defendants' control, all of Plaintiff's property was transferred with him to the Department of State Hospitals, and Defendants already opted out of settlement. (ECF No. 51.)  Plaintiff signed property invoice sheets indicating that he had received all of his property, and staff from CSP-Sacramento searched storage and confirmed that they do not have any of Plaintiff's property. (ECF No. 51-2.)

In opposing the extension of time for Defendants to oppose Plaintiff's motion, Plaintiff indicated that he filed a case against CSP-Sacramento employees regarding his property. (ECF No. 52, p. 3.)  Plaintiff also filed a notice regarding alleged mishandling of his mail in relation to this case, the previously-argued discovery matters, and Plaintiff's other pending criminal and civil actions.  (ECF No. 54.)

Finally, Plaintiff filed a reply to Defendants' opposition, indicating that he only signed one of the property invoice sheets, specifically the sheet that included his legal property, but did not sign the form related the remainder of his property.  (ECF No. 55, p. 2.)  Plaintiff explains

that the day he was transferred from CSP-Sacramento to DSH, he brought all of his property to R&R and was told staff did not have time to pack it. Plaintiff stated he had a right to take his legal property with him and that he would refuse transfer if he could not have it. A Sergeant agreed with Plaintiff and instructed an officer to pack Plaintiff's legal property. The officer returned a short time later with two boxes that were packed outside of Plaintiff's sight, and the officer said he packed every single piece of paper he saw in Plaintiff's property. Plaintiff was told if he didn't take what was there and sign for it, he would be refused transfer. When he arrived at DSH, Plaintiff was given both boxes and he signed for them. When he opened the boxes, Plaintiff saw that "there were particulars and necessary forms regarding both this case and Beckett v. Scalia et al." (*Id.* at 4.) As exhibits, Plaintiff attaches the same two property inventory sheets, showing his signature on one that includes "Legal Material" with the note "JUST LEGAL WORK," (*id.* at 9), and a second sheet does not include Plaintiff's signature and has a variety of property, but notably does not appear to include any legal materials, (*id.* at 11).

### A. Discovery Requests

To the extent Plaintiff's motion raises issues concerning discovery, any request for relief is denied. The discovery deadlines in this action were vacated pending resolution of Plaintiff's motion to amend, and it also does not appear that Plaintiff properly served any discovery requests. Defense counsel states that they never received Plaintiff's request for production of documents, and Plaintiff's out-going legal mail log shows that he did not mail anything to the Attorney General's Office on January 18, 2022, as alleged on the proof of service. With respect to the interrogatories Plaintiff attempted to send to inmate Alexander, Plaintiff is informed that neither Defendants nor the Litigation Coordinator are required to assist Plaintiff in communicating with another inmate, and if Plaintiff wishes to obtain discovery from an individual who is not a party to this action, he should file a motion for issuance of a subpoena pursuant to Federal Rule of Civil Procedure 45 once discovery has reopened.

### B. Other Requests

Plaintiff's request for a settlement conference is denied. Without a clear indication from all parties to the action that they are willing to discuss settlement, the Court does not find that it

would be an efficient use of judicial resources to set this case for a settlement conference at this time. The parties are reminded that they are free to settle this matter without judicial involvement at any time by communicating among themselves. If in the future the parties jointly decide that this action would benefit from a Court-facilitated settlement conference, or if they are able to reach an independent settlement agreement, they may so inform the Court.

To the extent Plaintiff's motion raises other issues, such as the transfer of funds from his CDCR inmate trust account or the processing of Plaintiff's legal mail, those matters are not appropriately brought in the current action. These requests are also denied.

### C. Plaintiff's Property

Plaintiff's request for a court order directing officials at CSP-Sacramento to produce his property is denied, without prejudice. Although Plaintiff indicates in some of his filings that the missing property includes documents relevant to this action, he has also stated that when he opened the two boxes that contained his legal property, he "could see right away that there were particulars and necessary forms regarding both this case and Beckett v. Scalia et al." (ECF No. 55, p. 4.) Plaintiff does not otherwise specify what legal materials for this case, if any, are missing and necessary for him to continue litigating this action. The property inventory sheets referenced by both parties indicate to the Court that Plaintiff signed for all of his legal materials, even if he did not sign for his remaining property (which apparently did not include any legal material). To the extent Plaintiff is still missing non-legal property, the appropriate course of action is for Plaintiff to pursue those claims in a different civil action, which Plaintiff states he has already done.

As the evidence before the Court indicates that Plaintiff did receive all of his legal property for this case when he was transferred to DSH, the motion is denied, without prejudice to refiling.

### IV. Defendants' Motion for Summary Judgment and *Rand* Notice

As Plaintiff's motion to amend is now resolved, this case will continue to proceed on the first amended complaint and Defendants' motion for summary judgment for failure to exhaust administrative remedies. The stay of briefing on Defendants' motion for summary judgment is

7

therefore lifted, and the Court will reset the deadline for Plaintiff to file his opposition. Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment. (ECF No. 27-1); *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1988); *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988). The Court further hereby notifies Plaintiff of the following rights and requirements for opposing the motion:

1. Unless otherwise ordered, all motions for summary judgment are briefed pursuant to Local Rule 230(l).

2. Plaintiff is required to file an opposition or a statement of non-opposition to Defendants' motion for summary judgment. Local Rule 230(l). If Plaintiff fails to file an opposition or a statement of non-opposition to the motion, this action may be dismissed, with prejudice, for failure to prosecute. The opposition or statement of non-opposition must be filed not more than 21 days after the date of service of the motion. *Id.*

3. A motion for summary judgment is a request for judgment on some or all of Plaintiff's claims in favor of Defendants without trial. Fed. R. Civ. P. 56(a). Defendants' motion sets forth the facts which they contend are not reasonably subject to dispute and that entitle them to judgment as a matter of law. Fed. R. Civ. P. 56(c). This is called the Statement of Undisputed Facts. Local Rule 260(a).

4. Plaintiff has the right to oppose a motion for summary judgment. To oppose the motion, Plaintiff must show proof of his claims. Plaintiff may agree with the facts set forth in Defendants' motion but argue that Defendants are not entitled to judgment as a matter of law.

5. In the alternative, if Plaintiff does not agree with the facts set forth in Defendants' motion, he may show that Defendants' facts are disputed in one or more of the following ways: (1) Plaintiff may rely upon statements made under the penalty of perjury in the complaint or the opposition if (a) the complaint or opposition shows that Plaintiff has personal knowledge of the matters stated and (b) Plaintiff calls to the Court's attention those parts of the complaint or opposition upon which Plaintiff relies; (2) Plaintiff may serve and file

declarations setting forth the facts which Plaintiff believes prove his claims;[2] (3) Plaintiff may rely upon written records but Plaintiff must prove that the records are what he claims they are;[3] or (4) Plaintiff may rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. Should Plaintiff fail to contradict Defendants' motion with declarations or other evidence, Defendants' evidence will be taken as truth, and final judgment may be entered without a full trial. Fed. R. Civ. P. 56(e).

6. In opposing Defendants' motion for summary judgment, Local Rule 260(b) requires Plaintiff to reproduce Defendants' itemized facts in the Statement of Undisputed Facts and admit those facts which are undisputed and deny those which are disputed. If Plaintiff disputes (denies) a fact, Plaintiff must cite to the evidence used to support that denial (e.g., pleading, declaration, deposition, interrogatory answer, admission, or other document). Local Rule 260(b).

7. If discovery has not yet been opened or if discovery is still open and Plaintiff is not yet able to present facts to justify the opposition to the motion, the Court will consider a request to postpone consideration of Defendants' motion. Fed. R. Civ. P. 56(d). Any request to postpone consideration of Defendants' motion for summary judgment must include the following: (1) a declaration setting forth the specific facts Plaintiff hopes to elicit from further discovery, (2) a showing that the facts exist, and (3) a showing that the facts are essential to opposing the motion for summary judgment. *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009); *Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1100–01 (9th Cir. 2006); *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). The request to postpone the motion for summary judgment must

---

[2] A declaration is a written statement setting forth facts (1) which are admissible in evidence, (2) which are based on the personal knowledge of the person giving the statement, and (3) to which the person giving the statement is competent to testify. 28 U.S.C. § 1746; Fed. R. Civ. P. 56(c)(4). A declaration must be dated and signed under penalty of perjury as follows: "I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." 28 U.S.C. § 1746.

[3] Sworn or certified copies of all papers referred to in the declaration must be included and served on the opposing party. Fed. R. Civ. P. 56(e).

9

identify what information is sought and how it would preclude summary judgment. *Blough*, 574 F.3d at 1091 n.5; *Tatum*, 441 F.3d at 1100–01; *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998); Local Rule 260(b).

8. Unsigned declarations will be stricken, and declarations not signed under penalty of perjury have no evidentiary value.

9. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of the Eastern District of California may result in the imposition of sanctions including but not limited to dismissal of the action or entry of default.

## V. Conclusion and Order

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion seeking leave to file second amended complaint, (ECF No. 31), is DENIED;

2. The July 15, 2021 lodged second amended complaint, (ECF No. 26), and August 9, 2021 lodged second amended complaint, (ECF No. 30), are STRICKEN;

3. Plaintiff's motion for production of evidence, (ECF No. 48), is DENIED, without prejudice;

4. Plaintiff's opposition to Defendants' motion for summary judgment for failure to exhaust, (ECF No. 27), is due within **thirty (30) days** from the date of service of this order; and

5. **<u>Plaintiff is warned that the failure to comply with this order will result in dismissal of this action, with prejudice, for failure to prosecute and failure to obey a court order.</u>**

IT IS SO ORDERED.

Dated:   **February 15, 2024**              /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE