# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW H. BECKETT,<br><br>    Plaintiff,<br><br>    v.<br><br>MORENO, *et al.*,<br><br>    Defendants. | Case No.  1:20-cv-01427-BAM (PC)<br><br>ORDER DENYING RENEWED MOTION TO APPOINT COUNSEL<br><br>(ECF No. 59) |

Plaintiff Matthew H. Beckett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Sedillo and Moreno for excessive force in violation of the Eighth Amendment for the incident on October 21, 2018, for force used after the time Plaintiff lost consciousness.  All parties have consented to Magistrate Judge jurisdiction.  (ECF No. 45.)

Currently before the Court is Plaintiff's renewed motion to appoint counsel, filed February 20, 2024.  (ECF No. 59.)  As in his previous motion to appoint counsel, Plaintiff argues that because he is currently being held under California Penal Code 1026 for not possessing mental faculties equivalent to sanity, the Court cannot move forward with this case without certifying that he is competent to move forward with this litigation.  Plaintiff also argues that as a patient of the Department of State Hospitals at Atascadero State Hospital, he is unable to investigate the

1   facts of this case.  Plaintiff is only allowed to possess a limited amount of property, cannot
2   possess photos of any crime scene, is limited in the amount of mail he can send per week, and is
3   limited in his ability to collect documents, conduct depositions, and access witnesses.  He is
4   indigent, and the high amounts of stress due to this case exacerbate his existing ailments,
5   including hypertension, a heart murmur, and congestive heart failure.  Plaintiff is not educated in
6   the law, does not know how to obtain the discovery he has requested from the Attorney General,
7   and has developmental learning disabilities.  This case is factually complex and will require the
8   use of expert witnesses.  If the Court cannot appoint counsel in a full capacity, Plaintiff requests
9   appointment for a limited purpose for discovery and trial proceedings.  Plaintiff has sought
10  counsel to no avail, and does not have the financial ability to hire an attorney.  (*Id.*)

11          Plaintiff is reminded that he does not have a constitutional right to appointed counsel in
12  this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other*
13  *grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to
14  represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist.*
15  *of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may
16  request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at
17  1525.

18          Without a reasonable method of securing and compensating counsel, the Court will seek
19  volunteer counsel only in the most serious and exceptional cases.  In determining whether
20  "exceptional circumstances exist, a district court must evaluate both the likelihood of success on
21  the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
22  complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

23          The Court has considered Plaintiff's request, but does not find the required exceptional
24  circumstances.  Even if it is assumed that Plaintiff has made serious allegations which, if proved,
25  would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed
26  almost daily by prisoners suffering from serious physical and mental health conditions who also
27  must litigate their cases with limited access to the law library and without the assistance of
28  counsel.  The fact that Plaintiff has not been found competent for purposes of a criminal matter

does not indicate that he is unable to litigate this civil action. Plaintiff's difficulties in conducting discovery are not relevant at this stage in the action, as discovery has been stayed pending resolution of Defendants' motion for summary judgment for failure to exhaust administrative remedies.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although the Court has found that Plaintiff's complaint states cognizable claims, this does not mean that Plaintiff will succeed on the merits. Furthermore, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, Plaintiff's renewed motion to appoint counsel, (ECF No. 59), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **February 23, 2024**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

3