# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW H. BECKETT,<br><br>              Plaintiff,<br><br>      v.<br><br>MORENO, *et al.*,<br><br>              Defendants. | Case No. 1:20-cv-01427-BAM (PC)<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDERS<br><br>(ECF No. 58, 62) |

Plaintiff Matthew H. Beckett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Sedillo and Moreno ("Defendants") for excessive force in violation of the Eighth Amendment for the incident on October 21, 2018, for force used after the time Plaintiff lost consciousness. All parties have consented to Magistrate Judge jurisdiction. (ECF No. 45.) For the reasons that follow, the Court orders that this action be dismissed, without prejudice.

**I.     Background**

On July 16, 2021, Defendants filed a motion for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies. (ECF No. 27.) Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment. *Woods v. Carey*, 684

1   F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1988); *Klingele v.*
2   *Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988).  (ECF No. 27-1.)  However, the Court stayed
3   the deadline for Plaintiff to respond to Defendants' motion for summary judgment pending
4   resolution of Plaintiff's motion to amend.  (ECF No. 29.)  Following denial of Plaintiff's motion
5   for leave to amend on February 15, 2024, the Court directed Plaintiff to file an opposition to the
6   pending motion for summary judgment within thirty days.  (ECF No. 58.)  Plaintiff was warned
7   that failure to comply with the Court's order would result in dismissal of this action, with
8   prejudice, for failure to prosecute and failure to obey a court order.  (*Id.* at 10.)

9         On March 18, 2024, Plaintiff filed a motion for an extension of time to oppose
10  Defendants' motion for summary judgment and seeking leave to conduct further discovery.  (ECF
11  No. 61.)  The Court denied the motion to conduct discovery, granted in part the motion for
12  extension of time to oppose the motion for summary judgment, and directed Plaintiff to file his
13  opposition to the motion for summary judgment within thirty days.  (ECF No. 62.)  Plaintiff was
14  warned that failure to file a response to Defendant's motion for summary judgment in compliance
15  with the Court's order would result in dismissal of this action, without prejudice, for failure to
16  prosecute and failure to obey a court order.  (*Id.* at 4.)

17        Plaintiff's response was due on or before April 22, 2024.  Plaintiff has failed to submit
18  any response to Defendants' motion for summary judgment and has not otherwise communicated
19  with the Court.

20  **II.     Discussion**

21        Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with
22  any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .
23  within the inherent power of the Court."  District courts have the inherent power to control their
24  dockets and "[i]n the exercise of that power they may impose sanctions including, where
25  appropriate, . . . dismissal."  *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A
26  court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,
27  failure to obey a court order, or failure to comply with local rules.  *See, e.g.*, *Ghazali v. Moran*, 46
28  F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*,

1    963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

2    amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987)

3    (dismissal for failure to comply with court order).

4          In determining whether to dismiss an action, the Court must consider several factors:

5    (1) the public's interest in expeditions resolution of litigation; (2) the Court's need to manage its

6    docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

7    cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779

8    F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988).

9          Here, the action has been pending for nearly four years, and Plaintiff's response or

10   opposition to Defendants' motion for summary judgment is overdue.  Plaintiff was warned that

11   his failure to comply with the Court's orders would result in dismissal of this action for failure to

12   prosecute.  Plaintiff has failed to comply.

13         Plaintiff is obligated to comply with the Local Rules and was informed by the Court of

14   the need to oppose a motion for summary judgment.  Despite Plaintiff's duty to comply with all

15   applicable rules and the Court's notice, Plaintiff did not file an opposition.  Plaintiff has not

16   provided any indication that he is attempting to prepare, or that he intends to submit, an

17   opposition to Defendants' summary judgment motion, despite being provided an opportunity to

18   do so. The Court cannot effectively manage its docket if a party ceases litigating the case.  Thus,

19   both the first and second factors weigh in favor of dismissal of this action.

20         The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, because

21   a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an

22   action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  Because public policy favors

23   disposition on the merits, the fourth factor usually weighs against dismissal. *Pagtalunan v.*

24   *Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party

25   whose responsibility is to move a case toward disposition on the merits but whose conduct

26   impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA)*

27   *Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006).

28   ///

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives requirement." *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's February 15, 2024 and March 20, 2024 orders expressly warned Plaintiff that if he failed to comply with those orders, this matter would be dismissed for failure to prosecute and failure to comply with a court order.  (ECF Nos. 58, 61.)  Thus, Plaintiff had adequate warning that dismissal of this action could result from his noncompliance.  At this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating this case.

In summary, Plaintiff is no longer prosecuting this action, and the Court cannot afford to expend resources resolving an unopposed dispositive motion in a case which Plaintiff is no longer prosecuting.

### III. Conclusion and Order

Based on the foregoing, the Court finds that dismissal is the appropriate sanction.  Accordingly, it is HEREBY ORDERED as follows:

1. This action is dismissed, without prejudice, for failure to prosecute and for failure to obey a court order; and
2. The Clerk of the Court is directed to terminate all pending motions and close this case.

IT IS SO ORDERED.

Dated:   **May 6, 2024**              /s/ *Barbara A. McAuliffe*              
                                       UNITED STATES MAGISTRATE JUDGE

4